BRYAN, Judge,
concurring specially.
Article 1, § 14, Ala. Const. 1901, affords the State of Alabama absolute immunity from suit. Unfortunately, State immunity conflicts with the principle that for every wrong there should be a remedy. Courts and commentators have frequently criticized the doctrine as being an unjust anachronism. See 1 Civil Actions Against State and Local Government § 1.8 (Jon L. Craig ed. 1992) (discussing the abrogation of common-law sovereign immunity in many jurisdictions); and Kenneth Culp Davis, Sovereign Immunity Must Go, 22 Admin. L.Rev. 383 (1970) (discussing sovereign immunity in federal courts). However, barring constitutional amendment, State immunity is the law in Alabama. In this case, the employees sued the College directly, thus implicating the State’s absolute immunity.[3]

. This case does not present a situation in which State officials were sued in their individual capacities.